UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                     :
AGRANA FRUIT US, INC.,                  :       23 Civ. 10147 (ALC) (GS)
                                     :
                Plaintiff,                :       OPINION AND ORDER
                                     :
             - against -              :
                                   :
INGREDIENTRADE INC.,                  :
                                   :
                Defendant             :
------------------------------------------------------------------------
                                     :
INGREDIENTRADE INC.,                  :
                                   :
             Third-Party Plaintiff,    :
                                   :
             - against -              :
                                   :
888 ORGANIC EXPORTER CO., LTD.,    :
                                   :
            Third-Party Defendant.  :
                                   :
------------------------------------------------------------------------X

**GARY STEIN, United States Magistrate Judge:**

Defendant and Third-Party Plaintiff Ingredientrade Inc. ("Ingredientrade") applies for an order permitting alternative service on Third-Party Defendant 888 Organic Exporter Co., Ltd. ("888 Organic"), a Thai corporation, under Federal Rules of Civil Procedure 4(h)(2) and 4(f)(3). (Dkt. No. 23). For the reasons set forth below, Ingredientrade's application is **DENIED** without prejudice.

## BACKGROUND

### A. The Underlying Dispute

Plaintiff Agrana Fruit US, Inc. ("Plaintiff" or "Agrana") commenced this action on November 17, 2023 with the filing of its Complaint against

Ingredientrade. (Dkt. No. 1 ("Complaint" or "Compl.")). The Complaint alleges that Agrana entered into a contract with Ingredientrade on or about December 7, 2021, which required Ingredientrade to deliver diced pineapple to Agrana that complied with certain parameters set forth in the contract. (*Id.* ¶¶ 8–10). As relevant here, the parameters provide "zero tolerance" for any foreign material in the pineapple, such as metal. (*Id.* ¶ 11). Plaintiff alleges, however, that after Ingredientrade delivered the pineapple, Agrana discovered three different types of metal in the product and, as a result, incurred $726,071.59 in damages. (*Id.* ¶¶ 15–19, 27, 29). Plaintiff asserts claims against Ingredientrade for breach of contract, unjust enrichment, and breach of the implied warranty of merchantability. (*Id.* ¶¶ 30–54).

Ingredientrade denies all of Plaintiff's material allegations. (Dkt. No. 14 (Answer)). At the same time, Ingredientrade has filed a Third-Party Complaint against 888 Organic, the Thai corporation that it contracted with to supply the pineapple that Ingredientrade, in turn, supplied to Plaintiff. (Dkt. No. 18 ("Third-Party Complaint") ¶¶ 1, 10). Ingredientrade contends that, if it is found liable to Plaintiff, 888 Organic should be found liable to Ingredientrade. (*Id.* ¶¶ 13–45). The Third-Party Complaint asserts claims for breach of contract, indemnification, breach of express warranty, breach of implied warranty of fitness for a particular purpose, and breach of implied warranty of merchantability. (*Id.*).

## B. Ingredientrade's Application for Alternative Service

Ingredientrade filed its Third-Party Complaint against 888 Organic on January 24, 2024 and requested the Clerk of Court to issue a summons. (Dkt. Nos.

18, 19). On January 25, 2024, the Clerk issued the requested summons as to 888 Organic. (Dkt. No. 20).

On February 12, 2024, Ingredientrade submitted a letter to the Court requesting to serve its Third-Party Complaint and summons on 888 Organic by alternative means under Rules 4(h)(2) and 4(f)(3). (Dkt. No. 23 ("Letter" or "Ltr.") at 1). Ingredientrade proposes to serve 888 Organic by e-mail at an address publicly listed on what is allegedly 888 Organic's website, under the heading "Contact Us." (*Id.* at 2 (directing the Court to https://auranic.com/contacts/)). Ingredientrade's Letter is silent on whether it made any attempt to effect service on 888 Organic prior to submitting its request to the Court for alternative service. At an initial case management conference before the Court on February 20, 2024 (the "ICMC") (*see* Minute Entry dated February 20, 2024), Ingredientrade confirmed that it has not made any attempt to effect service on 888 Organic.[1]

Ingredientrade's Letter sets forth two arguments in support of its request for alternative service. First, Ingredientrade asserts that service on 888 Organic by e-mail is not prohibited by international agreement, as Thailand, where 888 Organic is domiciled, is not a signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents (the "Hague Convention"). (Ltr. at 1–2). Second, Ingredientrade contends that service by e-mail is the "most likely means" of communicating with 888 Organic. (*Id.* at 2). In support of this point, Ingredientrade alleges it conducted business with 888 Organic using the e-mail

---

[1] At the ICMC, Ingredientrade specified that it proposes to use the e-mail address "saranya@auranic.org" to serve 888 Organic.

3

address publicly listed on the website cited above. (*Id.*)

## LEGAL STANDARD

Rule 4(h)(2) provides that service of a summons and complaint may be effected upon a foreign corporation outside a judicial district of the United States in any manner prescribed by Rule 4(f) except by personal delivery under Rule 4(f)(2)(C)(i).

Under Rule 4(f)(1), a foreign corporation may be served "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention[.]" That method of service, however, is not available in this case because Thailand is not a signatory to the Hague Convention. *Igloo Products Corp. v. Thai Welltex Intern. Co., Ltd.*, 379 F. Supp. 2d 18, 19 (D. Mass. 2005); *see also Kyjen Co., LLC v. Individuals, Corps., Ltd. Liab. Companies, Partnerships, & Unincorporated Associations Identified on Schedule A to Complaint*, No. 23 Civ. 612 (JHR), 2023 WL 2330429, at *2 (S.D.N.Y. Mar. 2, 2023) (noting Thailand is not a signatory to the Hague Convention); *Status Table: Hague Convention*, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (listing contracting states to the Hague Convention).

Rule 4(f)(2) specifies other methods of service "if there is no internationally agreed means"—*e.g.*, the foreign country is not a signatory to the Hague Convention—as is the case here. First, under Rule 4(f)(2)(A), service may be effected "as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction." Second, under Rule 4(f)(2)(B), service

may be effected "as the foreign authority directs in response to a letter rogatory or letter of request." Third, under Rule 4(f)(2)(C)(ii), service may be effected "using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt[,]" unless "prohibited by the foreign country's law."

Lastly, Rule 4(f)(3), which Ingredientrade relies on in its application, provides that service may be effected "by other means not prohibited by international agreement, as the court orders." The "'decision of whether to order service of process under Rule 4(f)(3) is committed to the sound discretion of the district court.'" *Berdeaux v. OneCoin Ltd.*, No. 19 Civ. 4074 (VEC), 2019 WL 8685006, at *1 (S.D.N.Y. Nov. 1, 2019) (quoting *Stream SICAV v. Wang*, 989 F. Supp. 2d 264, 278 (S.D.N.Y. 2013)). "Before ordering alternative service under this rule, 'district courts in this Circuit have generally required: (1) a showing that the plaintiff has reasonably attempted to effectuate service on the defendant, and (2) a showing that the circumstances are such that the court's intervention is necessary.'" *Id.* (quoting *United States v. Lebanese Canadian Bank SAL*, 285 F.R.D. 262, 267 (S.D.N.Y. 2012)); *accord, e.g.*, *Doe v. Hyassat*, 342 F.R.D. 53, 58–59 (S.D.N.Y. 2022); *Devi v. Rajapaska*, No. 11 Civ. 6634, 2012 WL 309605, at *1 (S.D.N.Y. Jan. 31, 2012) (describing these as "threshold requirements").

Furthermore, any alternate methods under Rule 4(f)(3) "must comport[] with constitutional notions of due process." S*ulzer Mixpac AG v. Medenstar Indus, Co.*, 312 F.R.D. 329, 330 (S.D.N.Y. 2015) (citation omitted). "Due process is satisfied when the method of service is 'reasonably calculated, under all the circumstances, to

apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *In re BRF S.A. Sec. Litig.*, No. 18 Civ. 2213 (PKC), 2019 WL 257971, at *2 (S.D.N.Y. Jan. 18, 2019) (quoting *Luessenhop v. Clinton County, N.Y.*, 466 F.3d 259, 269 (2d Cir. 2006)).

## DISCUSSION

Ingredientrade requests the Court to order service by alternative means under Rule 4(f)(3) without having attempted service on 888 Organic by any other means under Rule 4(f)(2). Even though Ingredientrade is in possession of a business address for 888 Organic in Bangkok—as reflected in its Third-Party Complaint (Dkt. No. 18 ¶ 1), the contract with 888 Organic attached thereto (Dkt. No. 18-4), and its request for a summons (Dkt. No. 19)—Ingredientrade has made no attempt to serve 888 Organic at that address, whether as permitted by Thailand's law of service for cases in its courts (*see* Rule 4(f)(2)(A)), by means of letters rogatory (*see* Rule 4(f)(2)(B)), or by mail via the Clerk of Court (*see* Rule 4(f)(2)(C)(ii)).

Ingredientrade's Letter did not (1) explain why it has not attempted to serve 888 Organic by conventional means, (2) point to any particular difficulty in doing so, or (3) even acknowledge the well-established threshold requirements for alternative service in this Circuit. When asked at the ICMC why Ingredientrade had not attempted any other form of service, Ingredientrade's counsel stated merely that it would be time-consuming and cumbersome—which could be said, to a greater or

6

lesser degree, about service on any foreign defendant.

Ingredientrade has failed to show either that it "has reasonably attempted to effectuate service on [888 Organic]" or that "the court's intervention is necessary" to effectuate service. *Berdeaux*, 2019 WL 8685006, at *1 (denying motion for alternative service where plaintiffs "have not established a factual basis for their assertion that they have taken reasonable steps to find and serve the unserved [d]efendants"); *see also CFTC v. Mikkelsen*, No. 20 Civ. 3833 (JPC), 2021 WL 4207050, at *4 (S.D.N.Y. Aug. 27, 2021) (denying motion for alternative service for failure to make requisite showing and rejecting argument that it would take too long to serve defendant through normal means); *Kline Hill Partners Fund II LP v. al Saud*, 20 Civ. 351 (VLB), 2020 WL 13430665, at *3 (D. Conn. June 25, 2020) (denying motion for alternative service where "[p]laintiff has not attempted to serve [d]efendants through normal means, and the reasons provided for why nontraditional process is necessary are not persuasive"); *Madu, Edoie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 116 (S.D.N.Y. 2010) (denying motion for alternative service because "[p]laintiffs have not met their threshold requirement of reasonably attempting to effect service on defendants").

While Ingredientrade is correct that service by electronic means on a Thai corporation is not prohibited by international agreement, *Kyjen Co.*, 2023 WL 2330429, at *2, this fact means only that alternative service via e-mail is possible under Rule 4(f)(3); it is not itself a sufficient reason to authorize alternative service. Similarly, the fact that Thailand is not a signatory to the Hague Convention is not a

7

sufficient justification for alternative service where, as here, no other attempt at service has been made. *See, e.g.*, *Kline Hill Partners*, 2020 WL 13430665, at *3; *Atlas Glob. Tech. v. Asustek Computer, Inc.*, No. 6:21-CV-00820-ADA, 2021 WL 4340975 (W.D. Tex. Sept. 23, 2021); *Spencer v. Caracal Int'l, LLC*, No. 2:21-cv-00005, 2021 WL 1341237, at *3–4 (M.D. Tenn. Apr. 9, 2021).

The Court recognizes Ingredientrade is not necessarily required to "[e]xhaust [] the other provisions of Rule 4(f)" before seeking court-ordered service under Rule 4(f)(3). *United States v. Besneli*, No. 14 Civ. 7339 (JFK), 2015 WL 4755533, at *1 (S.D.N.Y. Aug. 12, 2015). However, where the movant has not made prior attempts at service under Rule 4(f), alternative service has only been authorized based on a more persuasive showing of a need for relief than is set forth in Ingredientrade's request here. *See, e.g., In re BRF S.A. Sec. Litig.*, 2019 WL 257971, at *3–4 (permitting alternative service after plaintiff offered an affidavit from an international process server stating Brazil's letter rogatory process often takes 12 to 18 months or longer); *Besneli*, 2015 WL 4755533, at *1 (permitting alternative service after plaintiff submitted evidence of "diligent[,]" yet unsuccessful, efforts to obtain defendant's physical address).[2]

Ingredientrade's failure to meet the threshold requirements for alternative

---

[2] Ingredientrade relies on *Kyjen Co.*, 2023 WL 2330429, and a*didas AG v. Individuals, Partnerships & Unincorporated Associations Identified on Schedule "A"*, No. 19 Civ. 61264-UU, 2019 WL 7841807 (S.D. Fla. May 23, 2019), in support of its position. (Ltr. at 2). These decisions are inapposite. Both permitted service by e-mail and Internet posting on scores of foreign e-commerce businesses that were allegedly selling counterfeit products online. *See Kyjen Co.*, 2023 WL 2330429, at *1; a*didas AG*, 2019 WL 7841807, at *1, 3. Courts have often authorized electronic service on those types of e-commerce businesses because they lack a genuine or identifiable physical address and there is no other reliable method of service. *See, e.g.*, *Spin Master Ltd. v. 158*, 463 F. Supp. 3d 348, 382 (S.D.N.Y. 2020) (explaining the court permitted alternative service on e-commerce businesses

service is "reason enough to deny" its request. *Berdeaux*, 2019 WL 8685006, at *1. But beyond this defect, the Court also is concerned that Ingredientrade's proposed method of alternative service on 888 Organic via a publicly listed e-mail address would not satisfy "constitutional notions of due process." S*ulzer Mixpac AG*, 312 F.R.D. at 330.

"Service by email alone comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant." *Zanghi v. Ritella*, No. 19 Civ. 5830 (NRB), 2020 WL 589409, at *6 (S.D.N.Y. Feb. 5, 2020) (quoting *FTC v. Pecon Software Ltd.*, No. 12 Civ. 7186 (PAE), 2013 WL 4016272, at *5 (S.D.N.Y. Aug. 7, 2013)). Thus, "[a]s a general matter, 'in those cases where service by email has been judicially approved, the movant supplied the Court with some facts indicating that the person to be served would be likely to receive the summons and complaint at the given email address.'" *NYKCool A.B. v. Pac. Int'l Servs., Inc.*, 66 F. Supp. 3d 385, 391 (S.D.N.Y. 2014) (quoting *Fortunato v. Chase Bank USA, N.A.*, No. 11 Civ. 6608 (JKF), 2012 WL 2086950, at *2 (S.D.N.Y. June 7, 2012)), *adhered to on recons.*, No. 12 Civ. 5754, 2015 WL 998455 (S.D.N.Y. Mar. 5, 2015).

Here, Ingredientrade has not made a sufficient showing that 888 Organic would be likely to receive its Third-Party Complaint and summons at the proposed e-mail address. As an initial matter, it is not clear how the website cited in Ingredientrade's Letter—www.auranic.com—is associated with 888 Organic. As

---

allegedly selling counterfeit products because they "have been known to use aliases, false addresses and other incomplete identification information to shield their true identities"). Here, however, Ingredientrade does not allege 888 Organic is similar to those types of e-commerce businesses and it does not give the Court any reason to doubt the reliability of 888 Organic's physical address.

reflected on the homepage, it appears to be the website of a not-for-profit organization by the name of "Auranic." The proposed e-mail address, and the only mention of 888 Organic, appear under the "Contact Us" heading. *See NYKCool A.B.*, 66 F. Supp. 3d at 390 ("Service to the 'Contact Us' e-mail address on a humanitarian website linked to [defendant] and his personal website cannot be said to have been reasonably calculated to provide him with notice.").

Furthermore, although Ingredientrade states it communicated with 888 Organic through the identified e-mail address (Ltr. at 2), there is nothing before the Court to substantiate that assertion, or to show how recently such communications took place. In cases that permitted e-mail service, the plaintiffs submitted affidavits and exhibits demonstrating the defendant's recent use of the e-mail address in question. *See, e.g.*, *Zanghi,* 2020 WL 589409, at *6–7 (permitting e-mail service where plaintiff confirmed defendant recently used the address through an affidavit and copies of emails); *FTC v. PCCare247 Inc.*, 2013 WL 841037, at *4 (S.D.N.Y. Mar. 7, 2013) (same).

Should attempts to serve 888 Organic through normal means fail, and Ingredientrade renew its request for alternative service under Rules 4(h) and 4(f)(3), Ingredientrade will need to make a more detailed showing that service at the e-mail address saranya@auranic.org will satisfy the requirements of due process.

## CONCLUSION

For the reasons stated above, Third-Party Plaintiff's request to serve 888

Organic by alternative means is **DENIED** without prejudice.

DATED:   New York, New York
         February 26, 2024

_____
GARY STEIN
United States Magistrate Judge