# HANG & ASSOCIATES, PLLC

ATTORNEYS AT LAW
136-20 38th Avenue, Suite 10G
Flushing, New York 11354

**MEMO ENDORSED**

March 28, 2025

<u>VIA ECF</u>
Hon. Gary Stein, U.S.M.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 9A
New York, New York 10007-1312

      Re:      <u>**Agrana Fruit US, Inc. v. Ingredientrade Inc.**</u>
                 Civil Docket No. 1:23-cv-10147-ALC-GS

*Letter Motion for Extension of Time to Serve Third-Party Summons and to Reopening Discovery and In Response to Plaintiff's Letter Motion for Summary Judgment Notice*

Dear Judge Stein:

      This office represents Defendant Ingredientrade Inc. ("Defendant") in the abovementioned matter. Pursuant to Rule 1(E) of this Court's Individual Practices, we respectfully submit this letter motion to request extension of time for service of the third party summons under Rule 4(c) and reopening of discovery for the limited purpose of obtaining information from Third-Party Defendant 888 Organic Exporter Co., Ltd. ("888 Organic"), concerning the source of the metal contamination. Additionally, we respond to Plaintiff's Letter Motion requesting a pre-motion conference for their anticipated motion for Summary Judgment.

**Background**

      Defendant supplied diced pineapple to Plaintiff Agrana Fruit US, Inc. ("Plaintiff"), which had been sourced from 888 Organic. Plaintiff alleges that metal fragments were found in the diced pineapple, attributing the contamination to the Defendant. To address these allegations, it is imperative to investigate 888 Organic's processing protocols and related documentation to determine the actual source of the contamination.

I. **Good Cause Exists to Extend Time to Serve Process on Third Party Defendant and to Reopen Discovery**.

Reopening discovery is essential to ascertain the origin of the metal fragments found in the diced pineapple supplied by 888 Organic. Specifically, we seek to investigate the following issues.

   A. *Chain of Custody Documentation*

It is important to examine the chain of custody records from Agrana's warehouse to determine if there were any opportunities for metal pieces to be introduced post-delivery. The absence of such documentation raises concerns about potential contamination points, especially considering the metal detection protocol and audit findings at 888 Organic.

   B. *Metal Detection Protocols*

We seek to confirm whether the processor employed metal detection systems during the manufacturing process. MILLIONAIRE FREEZE DRIED CO., LTD. ("MFD"), which processed the subject pineapple, was audited for compliance with food manufacturing safety standards, and subsequently produced an audit report to 888 Organic, the supplier. Notably, Ms. Gao—counsel previously handling discovery on behalf of Defendant—produced to Plaintiff photographic evidence indicating that metal detectors were utilized within 888 Organic's facility.

   C. *Third-Party Audit Findings*

The third-party audit report (previously produced during discovery, see attached report, D0242) explicitly states: "The equipment used in processing was suitable and non-toxic. The site has a documented preventive maintenance program, including defined inspections for any potential points of metal-to-metal wear evaluation. Equipment appeared well-maintained and in good repair. No temporary repairs were noted during the audit."

These findings suggest that, under proper maintenance and detection protocols, metal should not be present in the end products.

   D. *Maintenance Logs*

In light of the audit report, the maintenance logs from MFD could provide insights into equipment conditions and any potential sources of metal contamination. As such,

discovery of the same would be imperative and highly relevant in determining the source of metal contamination.

Accordingly, the requested discovery is essential to Defendant's defense. MFD processed the original pineapple into cubes, and 888 Organic supplied diced pineapple to Defendant, who then provided it to Plaintiff Agrana Fruit US, Inc. ("Plaintiff") (*see* Third-Party Complaint, ECF No. 18). The discovery sought—concerning the fruit processing procedure, including the knives used and its metal detection protocols—is directly relevant to identifying the contamination's source and assessing liability.

Discovery and expert discovery in this matter closed on February 10, 2025 (ECF No. 49). However, 888 Organic, whose evidence is critical to the issue of liability, has yet to be served. Defendant has made continuous and diligent efforts to retain a local attorney in Thailand to effectuate service on 888 Organic since the Court denied its motion for alternative service on February 26, 2024 (ECF No. 27). *See Public Adm'r of County of New York v Royal Bank of Canada*, 19 N.Y.2d 127, 278 N.Y.S.2d 378, 224 N.E.2d 877, 1967 N.Y. LEXIS 1747 (1967); *see also Broughton v. Chrysler Corp.*, 144 F.R.D. 23, 27-28 (W.D.N.Y. 1992) (Rule 4(e) permits service of process on an out-of-state corporation applying the laws of New York, where this District Court sits).

Rule 4 (h)(2) of the Federal Rules of Civil Procedure authorizes service of process pursuant to NY CPLR §313, permitting a foreign defendant to be served "in the same manner as service is made within the state, by any person authorized to make service within the state who is a resident of the state or by any person authorized to make service by the laws of the state, territory, possession or country in which service is made or by any duly qualified attorney, solicitor, barrister, or equivalent in such jurisdiction, provided that the method of service is not prohibited by international agreement." *Morgenthau v. Avion Res. Ltd.*, 2008 NY Slip Op 9006, ¶ 5 n.9, 11 N.Y.3d 383, 389, 869 N.Y.S.2d 886, 889, 898 N.E.2d 929, 932 ("compliance with CPLR 313 alone constitutes proper service upon foreign defendants where, as here, no treaties or international agreements supplant New York's service requirements, and because principles of international comity do not mandate a different result, service was sufficient.").

Good cause exists for extending time to serve summons and third-party complaint on 888 Organics pursuant to Rule 4(c). Defendant encountered substantial difficulties effectuating service on Third Party Defendant in Thailand beyond its control.   In this case, Thailand is not a signatory to any applicable international agreements, such as the

Hague Convention. Accordingly, Defendant, relying on the advice of a duly licensed Thai attorney, asserts that the anticipated personal service of the summons and Third-Party Complaint complies with Thai law and is not prohibited by any international agreement.

Despite Defendant's persistent efforts over the past year, hiring a Thai attorney willing and able to handle this matter proved to be an extraordinarily difficult task. Thailand has a limited number of attorneys experienced in assisting with international service of process, and even fewer who were willing to take on a case with the limited scope for effectuating service of legal process without broader legal representation. Compounding this challenge were significant language barriers and logistical difficulties in communicating across time zones. After months of unsuccessful attempts and setbacks, Defendant was finally able to establish communication with a qualified attorney in Thailand on February 18, 2025. However, even after initial contact, additional time was required to consult with the attorney regarding the service process, ensure their availability, and settle terms of engagement. Only on March 11, 2025, after extensive discussions, was Defendant able to reach an agreement on the details of service. With the anticipated retention of a suitable Thai attorney, we now expect that service on 888 Organic will be effectuated shortly, enabling us to proceed with the discovery process.

Given the substantial, unforeseen difficulties in effectuating service, despite Defendant's diligent and sincere efforts, there is good cause to extend time of service and to reopen discovery for the limited purpose of conducting discovery on 888 Organic. *Cf. Ping Chen ex rel. U.S. v. EMSL Analytical, Inc.*, 966 F. Supp. 2d 282, 306 (S.D.N.Y. 2013) ("[I]f the plaintiff shows good cause for the failure," however, "the court must extend the time for service for an appropriate period."). The delay in serving 888 Organic was not due to any lack of effort or diligence on the part of Defendant, but rather the result of external factors beyond its control. Accordingly, Defendant requests an additional 60 days to serve the Third-Party Summons and complaint.

II. **Reopening Discovery Will Not Prejudice Plaintiff.**

The requested relief is narrowly tailored. Defendant does not seek to reopen discovery between itself and Plaintiff—only to obtain necessary information from 888 Organic, whose evidence is central to the issue of liability.

As such, Plaintiff will not suffer unfair prejudice. Discovery between Plaintiff and Defendant concluded on February 10, 2025. Allowing this limited discovery will not

delay proceedings but will ensure that all relevant evidence is before the Court. Conversely, denying this request would significantly prejudice Defendant and impair the Court's ability to adjudicate this case fully and fairly.

### III.   **Summary Judgment Is Premature.**

Regarding the Summary Judgment Notice filed by Plaintiff on March 11, 2025 (ECF No. 50), Defendant submits that summary judgment is premature because critical discovery remains outstanding. The absence of discovery from 888 Organic prevents Defendant from presenting a complete defense. Given the imminent service of 888 Organic and the direct relevance of its records to liability, the Court should allow this discovery before ruling on summary judgment. *See* Fed. R. Civ. P. 56(d); *see also Katz v Adecco USA, Inc.*, 2011 US Dist LEXIS 64213, at *3 (SDNY June 16, 2011), citing *Hellstrom v. U.S. Dep't of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000) ("Before granting summary judgment, the non-movant must have had the opportunity to discover information that is essential to his opposition to the motion for summary judgment.").

**Conclusion**

For the reasons stated, we respectfully request that the Court grant the reopening of discovery for the limited purpose outlined above and defer consideration of Plaintiff's summary judgment motion until such discovery is completed.

Respectfully Submitted,

__s/ *Ge Qu*_____
Ge Qu

For the reasons discussed on the record during the April 21, 2025 conference with the parties, Defendant's application is granted in part. Fact discovery is hereby reopened and Defendant shall have until July 31, 2025 to serve the Third-Party Complaint upon 888 Organic Exporter Co., Ltd. ("888 Organic") and to obtain discovery from 888 Organic and nonparty Millionaire Freeze Dried Co., Ltd. Defendant's request to seek additional discovery from Plaintiff is denied. Defendant's request to reopen expert discovery, and Plaintiff's request for a premotion conference on its motion for summary judgment (Dkt. No. 50), are deferred for the time being. The parties shall submit joint status reports on May 21, 2025, June 21, 2025, and July 21, 2025, absent further order from the Court.

Date:   April 21, 2025
        New York, NY

SO ORDERED:

_____
HON. GARY STEIN
UNITED STATES MAGISTRATE JUDGE