UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
      :
AGRANA FRUIT US, INC.,                         :        23 Civ. 10147 (ALC) (GS)
      :
                 Plaintiff,                       :        OPINION AND ORDER
      :
              - against -                     :
      :
INGREDIENTRADE INC.,                      :
      :
               Defendant.                   :
---------------------------------------------------------------   :
      :
INGREDIENTRADE INC.,                      :
      :
               Third-Party Plaintiff,          :
      :
              - against -                     :
      :
888 ORGANIC EXPORTER CO., LTD.,     :
      :
               Third-Party Defendant.   :
      :
------------------------------------------------------------------X

**GARY STEIN, United States Magistrate Judge:**

      Defendant and Third-Party Plaintiff Ingredientrade Inc. ("Ingredientrade") renews its motion for alternative service on Third-Party Defendant 888 Organic Exporter Co., Ltd. ("888 Organic"), a Thai corporation, under Federal Rules of Civil Procedure 4(h)(2) and 4(f)(3). (Dkt. No. 59). On February 26, 2024, the Court denied, without prejudice, Ingredientrade's prior motion for alternative service on 888 Organic. (Dkt. No. 27 (the "Prior Order")).

      In denying the prior motion, the Court found that Ingredientrade had failed to make a sufficient showing (1) that alternative service was warranted in light of Ingredientrade's failure to make any attempt to effect service through conventional

means and (2) that Ingredientrade's proposed method of alternative service would satisfy due process requirements. (*Id.* at 6-7, 9-10). The Court finds that Ingredientrade's renewed motion has cured these deficiencies. Accordingly, and for the reasons set forth more fully below, Ingredientrade's application is now **GRANTED**.

## LEGAL STANDARD

The Court's Prior Order, familiarity with which is presumed, set forth the standards governing an application for alternative service. In brief, Rule 4(h)(2) provides that service of a summons and complaint may be effected upon a foreign corporation outside a judicial district of the United States in any manner prescribed by Rule 4(f) for serving an individual, except for personal delivery under Rule 4(f)(2)(C)(i).

Under Rule 4(f)(1), an individual and, hence, a foreign corporation may be served "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention[.]" As set forth in the Prior Order, however, that method of service is not available in this case because Thailand is not a signatory to the Hague Convention. (Dkt. No. 27 at 4 (citing authorities)).

Rule 4(f)(2) specifies other methods of service "if there is no internationally agreed means"—*e.g.*, the foreign country is not a signatory to the Hague Convention—as is the case here. First, under Rule 4(f)(2)(A), service may be effected "as prescribed by the foreign country's law for service in that country in an

2

action in its courts of general jurisdiction." Second, under Rule 4(f)(2)(B), service may be effected "as the foreign authority directs in response to a letter rogatory or letter of request." Third, under Rule 4(f)(2)(C)(ii), service may be effected "using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt[,]" unless "prohibited by the foreign country's law."

Lastly, Rule 4(f)(3), which Ingredientrade relies on in its application, provides that service may be effected "by other means not prohibited by international agreement, as the court orders." The "'decision of whether to order service of process under Rule 4(f)(3) is committed to the sound discretion of the district court.'" *Berdeaux v. OneCoin Ltd.*, No. 19 Civ. 4074 (VEC), 2019 WL 8685006, at *1 (S.D.N.Y. Nov. 1, 2019) (quoting *Stream SICAV v. Wang*, 989 F. Supp. 2d 264, 278 (S.D.N.Y. 2013)). "Before ordering alternative service under this rule, 'district courts in this Circuit have generally required: (1) a showing that the plaintiff has reasonably attempted to effectuate service on the defendant, and (2) a showing that the circumstances are such that the court's intervention is necessary.'" *Id.* (quoting *United States v. Lebanese Canadian Bank SAL*, 285 F.R.D. 262, 267 (S.D.N.Y. 2012)); accord, e.g., *Doe v. Hyassat*, 342 F.R.D. 53, 58-59 (S.D.N.Y. 2022); *Devi v. Rajapaska*, No. 11 Civ. 6634, 2012 WL 309605, at *1 (S.D.N.Y. Jan. 31, 2012) (describing these as "threshold requirements").

These threshold requirements are imposed to "'prevent parties from whimsically seeking alternate means of service and thereby increasing the workload of the courts.'" *Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D.

106, 115-16 (S.D.N.Y. 2010) (quoting *Ryan v. Brunswick Corp.*, No. 02 Civ. 0133E(F), 2002 WL 1628933, at *2 (W.D.N.Y. May 31, 2002)). "'Inasmuch as Rule 4(f)(3) calls upon a court to exercise its discretion . . . each case must be judged on its facts.'" *Stream SICAV*, 989 F. Supp. 2d at 278 (quoting *In re GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 266 (S.D.N.Y. 2012)).

Furthermore, any alternate methods under Rule 4(f)(3) "must comport[] with constitutional notions of due process." *Sulzer Mixpac AG v. Medenstar Indus, Co.*, 312 F.R.D. 329, 330 (S.D.N.Y. 2015) (citation omitted). "Due process is satisfied when the method of service is 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *In re BRF S.A. Sec. Litig.*, No. 18 Civ. 2213 (PKC), 2019 WL 257971, at *2 (S.D.N.Y. Jan. 18, 2019) (quoting *Luessenhop v. Clinton Cnty., N.Y.*, 466 F.3d 259, 269 (2d Cir. 2006)).

## DISCUSSION

On August 8, 2025, Ingredientrade filed its renewed motion for alternative service (Dkt. No. 59), which included a declaration from its local counsel in Thailand, Alongkorn Tongmee (Dkt. No. 60 ("Tongmee Decl.")), together with a memorandum of law (Dkt. No. 61). Ingredientrade proposes serving 888 Organic via e-mail to the following e-mail address: sales.auranic@gmail.com. (Tongmee Decl. ¶ 10).

Subsequently, on August 19, 2025, Ingredientrade filed an affirmation of service of the Third-Party Summons and Third-Party Complaint via hand delivery

by Mr. Tongmee. (Dkt. No. 62). According to that filing, Mr. Tongmee personally served Songyos Srirat, the sole authorized director and majority shareholder of 888 Organic, on August 13, 2025 at the registered office of 888 Organic in Bangkok. (*Id.* ¶¶ 4-6). Mr. Tongmee states that Mr. Srirat is authorized to receive such service (*see id.* ¶ 7 & Ex. B) and that Mr. Srirat acknowledged receipt of these documents, and executed an Acknowledgement of Delivery of Service Documents (*see id.* ¶ 6 & Ex. A).

Despite the service on Mr. Srirat, 888 Organics filed no answer or other response to the Third-Party Complaint. On September 17, 2025, the Court directed Ingredientrade to inform the Court whether it took the position that it had properly effected service on 888 Organic via the hand delivery to Mr. Srirat and, if so, whether Ingredientrade's motion for alternative service was now moot. (Dkt. No. 63). On October 19, 2025, Ingredientrade responded, *inter alia*, that it believes that hand-delivery in Thailand does not constitute valid service on 888 Organic in light of Rule 4(h)(2). (Dkt. No. 64 at 1).[1] As a result, Ingredientrade states that its renewed motion is not moot. (Dkt. No. 64).

The Court thus proceeds to determine whether Ingredientrade's renewed

---

[1] Rule 4(h)(2) provides that a defendant may be served outside the United States using any of the methods prescribed under Rule 4(f) for serving individuals, "*except personal delivery* under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2) (emphasis added). Thus, Rule 4(h)(2) generally prohibits service via personal delivery on a foreign corporation outside the United States. Nonetheless, "numerous courts have upheld personal service on a foreign corporation under Rule 4(f)((2)(A)" where personal service is prescribed by the foreign country's laws for service in that country. *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1238 (Fed. Cir. 2010) (citing, *inter alia*, *Cosmetech Int'l, LLC v. Der Kwei Enterps. & Co., Ltd.*, 943 F. Supp. 311, 316 (S.D.N.Y. 1996)). But Ingredientrade makes no argument that personal service on 888 Organic was prescribed by Thai law and, thus, sufficient under Rule 4(f)(2)(A) notwithstanding Rule 4(h)(2).

motion for alternative service satisfies the requirements of Rule 4(f)(3) and due process.

### A. The Requirements for Alternative Service Under Rule 4(f)(3) Are Satisfied

As an initial matter, Ingredientrade's local counsel, Mr. Tongmee, states that neither Thai law nor any international agreement prohibits e-mail service of foreign judicial documents on a Thai corporation. (Tongmee Decl. ¶ 3); *see e.g.*, *Adidas AG v. Individuals, Partnerships & Unincorporated Associations Identified on Schedule "A"*, No. 19-CV-61264-UU, 2019 WL 7841807, at *2 n.3 (S.D. Fla. May 23, 2019) ("Thailand . . . [is] not [a] signator[y] to the Hague Convention. . . . Thus, there is no international agreement prohibiting service by e-mail or posting on a designated website."). Therefore, this requirement for alternative service under Rule 4(f)(3) is satisfied.

Ingredientrade's prior motion for alternative service via e-mail faltered chiefly because, as explained in the Prior Order, "Ingredientrade has made no attempt to serve 888 Organic" at 888 Organic's address in Bangkok under Rule 4(f)(2). (Dkt. No. 27 at 6). That is no longer the case. Ingredientrade has since made multiple good faith, albeit unsuccessful, attempts to effect service of the Third-Party Complaint on 888 Organic in Thailand.

As Ingredientrade explains, "formal service was attempted at 888 Organic's last known address—127 Soi Charansanitwong 96/1, Bangkok—on June 24 and again on July 3, 2025. On both occasions the process server found the premises secured behind a locked gate yet observed clear signs of continuing occupancy."

(Dkt. No. 56 at 1).  On July 24, 2025, Mr. Tongmee spoke twice by telephone with Ms. Saranya Pintachua, a minority shareholder of 888 Organic, who stated that she would cooperate in receiving the legal papers on behalf of 888 Organic at its registered office and would accept service on behalf of 888 Organic.  (Dkt. No. 58 at 1; Tongmee Decl. ¶ 6).  That same day, Mr. Tongmee e-mailed Ms. Pintachua at sales.auranic@gmail.com, and "requested that she confirm, by return e-mail, a specific date and time within the next two weeks when she will be present at 888 Organic's registered office to accept the documents."  (Dkt. No. 58 at 1; Tongmee Decl. ¶ 6).  Ms. Pitachua responded that she would be available at 1 p.m. the following day.  (*Id*. Ex. D).  Ms. Pintachua subsequently indicated to Mr. Tongmee that she would not be available on July 25, but she failed to confirm a new date for receipt of service.  (Tongmee Decl. ¶ 7).

Subsequently, as noted above, Mr. Tongmee delivered the Third-Party Summons and Complaint to Mr. Srirat, 888 Organic's director and majority shareholder, at 888 Organic's office in Bangkok.  (*See* Dkt. No. 62 & Ex. A).  Yet even though Mr. Srirat signed an acknowledgment of receipt of the service documents (*id*. Ex. A), 888 Organic has not appeared in this action to date.

Given the lengths to which Ingredientrade has gone to effectuate service, 888 Organic's resistance to service, and the likelihood that service via other unattempted means would cause significant delays, the circumstances warrant judicial intervention.  *See, e.g., W.J. Deutsch & Sons Ltd. v. Zamora*, No. 21 Civ. 11003 (LTS), 2023 WL 5609205, at *7 (S.D.N.Y. Aug. 30, 2023) (holding that various

7

service methods utilized by plaintiff, which gave defendant actual notice of proceeding, were "sufficient to establish the propriety of authorizing alternative service upon [defendant] nunc pro tunc"); *United States v. Besneli*, No. 14 Civ. 7339 (JFK), 2015 WL 4755533, at *1 (S.D.N.Y. Aug. 12, 2015) (permitting alternative service after plaintiff submitted evidence of "diligent[,]" yet unsuccessful, efforts to obtain defendant's physical address); *Ehrenfeld v. Salim a Bin Mahfouz*, No. 04 Civ. 9641 (RCC), 2005 WL 696769, at *2 (S.D.N.Y. Mar. 23, 2005) (explaining that court intervention was required because, *inter alia*, Saudia Arabia is not party to the Hague Convention and identifying a wiling recipient of service would be unduly difficult).  It is well settled that a plaintiff is not required to "[e]xhaust [] the other provisions of Rule 4(f)" before seeking court-ordered service under Rule 4(f)(3). *Besneli*, 2015 WL 4755533, at *1; *see also W.J. Deutsch & Sons*, 2023 WL 5609205, at *7 ("'[A] plaintiff is not required to attempt service through the other provisions of Rule 4(f) [such as Rule 4(f)(2)] before the court may order [alternative] service pursuant to Rule 4(f)(3)' because 'there is no hierarchy among the subsections in Rule 4(f).'" (quoting *Grp. One Ltd. v. GTE GmbH*, 523 F. Supp. 3d 323, 341 (E.D.N.Y. 2021))) (alterations in original).

The Court thus finds, in its discretion, that the prerequisites for alternative service under Rule 4(f) are satisfied here.

### B. Service via Email Comports with Constitutional Due Process

"'Service by email alone comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant.'" *Zanghi v. Ritella*,

No. 19 Civ. 5830 (NRB), 2020 WL 589409, at *6 (S.D.N.Y. Feb. 5, 2020) (quoting *FTC v. Pecon Software Ltd.*, No. 12 Civ. 7186 (PAE), 2013 WL 4016272, at *5 (S.D.N.Y. Aug. 7, 2013)).  Thus, "[a]s a general matter, 'in those cases where service by email has been judicially approved, the movant supplied the Court with some facts indicating that the person to be served would be likely to receive the summons and complaint at the given email address.'" *NYKCool A.B. v. Pac. Int'l Servs., Inc.*, 66 F. Supp. 3d 385, 391 (S.D.N.Y. 2014) (quoting *Fortunato v. Chase Bank USA, N.A.*, No. 11 Civ. 6608 (JKF), 2012 WL 2086950, at *2 (S.D.N.Y. June 7, 2012)), *adhered to on recons.*, No. 12 Civ. 5754, 2015 WL 998455 (S.D.N.Y. Mar. 5, 2015).

Previously, Ingredientrade sought leave to serve 888 Organic through the following e-mail address: saranya@auranic.org.  (Dkt. No. 27 at 3 n.1).  In its Prior Order, the Court noted that that the proposed e-mail address appeared to be associated with an organization called "Auranic" and expressed concern that Ingredientrade had not explained what connection Auranic had with 888 Organic or substantiated whether it had recently communicated with 888 Organic through that e-mail address.  (*Id.* at 9-10).  Ingredientrade's renewed application, which seeks leave to serve 888 Organic via the e-mail address sales.auranic@gmail.com (a different e-mail address also presumably associated with Auranic) remedies the gap in its prior application.

Specifically, Ingredientrade has now made a sufficient showing that 888 Organic would be likely to receive the Third-Party Summons and Third-Party Complaint at the proposed e-mail address, given Ms. Pintachua's responsiveness to

9

communications via this e-mail address directed to 888 Organic. (*See* Tongmee Decl. ¶ 8 & Ex. D). Those communications occurred as recently as this past Summer, as demonstrated in the e-mails attached to Mr. Tongmee's declaration. (*See id.*). Further, Ms. Pintachua told Mr. Tongmee that she could receive process on behalf of 888 Organic and, notably, she was present with Mr. Srirat, along with legal counsel for 888 Organic, at the August 13, 2025 meeting at 888 Organic's registered office at which Mr. Tongmee served the Third-Party Summons and Complaint on Mr. Srirat. (Dkt. No. 62 ¶¶ 3-4). Ingredientrade has submitted evidence sufficient to demonstrate that service via the proposed e-mail address is reasonably calculated to reach 888 Organic and apprise it of the pendency of the action. *See, e.g., Zanghi,* 2020 WL 589409, at *6-7 (permitting e-mail service, and finding due process satisfied, where plaintiff confirmed defendant recently used the address through an affidavit and copies of emails); *FTC v. PCCare247 Inc.*, No. 12 Civ. 841037 (PAE), 2013 WL 841037, at *4 (S.D.N.Y. Mar. 7, 2013) (same).

In addition, 888 Organic already has actual notice of the Third-Party Complaint by virtue of Mr. Tongmee's personal delivery of the service documents to Mr. Srirat on August 13, 2025. (*See* Dkt. No. 64 at 1 (noting that Ingredientrade's delivery of the papers on August 13 "was undertaken to provide actual notice" to 888 Organic)). This further allays any due process concerns that might otherwise exist arising from authorizing alternative service via e-mail in this case.

Accordingly, Ingredientrade has made a sufficient showing that alternative service is warranted under Rule 4(f)(3) and permissible under principles of due

process.

## CONCLUSION

For the reasons stated above, Third-Party Plaintiff's request to serve 888 Organic by alternative means is **GRANTED**.

**SO ORDERED**

DATED: New York, New York
October 31, 2025

*/s/ Gary Stein*

_____
GARY STEIN
United States Magistrate Judge

11